KAB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Taheny,<br><br>               Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>               Defendants. | No. CV-23-00194-PHX-JAT (ASB)<br><br>**ORDER TO SHOW CAUSE** |

      Plaintiff John Taheny, who is in the custody of the Arizona Department of Corrections, brought this civil rights action pursuant to 42 U.S.C. § 1983 and Arizona state law. (Doc. 1.)

      Defendants filed a Motion for Summary Judgment (Doc. 43), and Plaintiff did not file a response.[1] Although summary disposition is not appropriate in ruling on a Motion for Summary Judgment,[2] it appears that Plaintiff may have abandoned prosecution of this action. Accordingly, the Court will require Plaintiff to show cause why this action should not be dismissed for failure to prosecute by responding to this Order and indicating he is still interested in prosecuting this action.

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) regarding the requirements of a response. (Doc. 44.)

[2] *See, e.g., Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (Rule 56 does not permit a court to grant summary judgment by default).

Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).[3]

Plaintiff will be given twenty days to file a "response" to this Order explaining that he intends to proceed with the prosecution of this action. If Plaintiff does not file a response, this action will be dismissed without further notice to Plaintiff.

**IT IS ORDERED** that within **twenty days** of the date of this Order, Plaintiff must file a response to this Order indicating that he intends to proceed with the prosecution of this action. If Plaintiff does not respond to this Order, this action will be dismissed for failure to prosecute without further prior notice to Plaintiff.

Dated this 5th day of December, 2024.

James A. Teilborg
Senior United States District Judge

---

[3] In determining whether Plaintiff's failure to prosecute warrants dismissal of the action, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).